1844.

MILLS
v.
FOGAL

MILLS, Executor of Fogal, deceased v. FOGAL, et al.

The place of a testator's residence and death is the place for determining all
questions that may arise respecting his personal property and its disposi-
tion and distribution, wheresoever it may be situated.
But where a will has reference to real estate, all questions as to the will and
the estate and its disposition are governed by the *lex rei sitæ.*  And if a
party dies intestate, leaving real estate, the descent and heirship are ex-
clusively governed by the law where it is situated.

CAUSE heard on bill and answer.  William Fogal lived,    *Oct. 14,*
made his will and died at Bridgeport in the state of Connec-   *1844.*
ticut.  He left property there; and also real and personal    *Will.*
estate in the city of New York.  The will was proved by     *Jurisdic-*
the complainant, as executor, before the surrogate of the city  *tion:*

1844.

MILLS
v.
FOGAL.

and county of New York. The testator left him surviving his widow, the defendant, Susan Fogal, and three young children—one of whom was born after the will had been proved.

The will was attested by two witnesses. It did not directly devise the real estate to the executors, but made them mere donees of a power to sell.

The complainant, as executor, filed his bill for the purpose of obtaining the direction of this court as to the true construction and effect of the will and as to the distribution which he was to make of the property under it.

The widow, by her answer, insisted that the laws of Connecticut only applied to the personal property of the testator ; and that this will, according to such laws, should have been attested by three witnesses and was also void from the fact of the birth of an after-born child.

Mr. *W. K. Thorn,* for the complainant.

Mr. *J. W. Benedict,* for the infant defendants.

Mr. *Shannon,* for the defendant Susan Fogal.

*Jan.* 27, 1845.

THE VICE-CHANCELLOR :—The testator William Fogal being domiciled at Bridgeport in the State of Connecticut at the time of making his will and also at the period when he died, the laws of that state apply and govern all questions that may arise concerning this will so far as it is a will of personal estate and so far as personal property of the *testator* wheresoever situated may be affected by it. Moveable property is attached to and follows the person of the owner and its disposition by will ; and its distribution or devolution in case of intestacy is governed exclusively by the law of his actual domicil at the time of his death, without regard to the place or *situs* of the property itself. This is the well established rule of the common law, both of England and this country : Story's Conflict of Laws, § 465, 468.

With respect to real estate, a different principle prevails. In case of intestacy, the descent and heirship of the real

estate is exclusively governed by the law of the state or country within which it is situated.

If there be a will, the capacity of the testator, the extent of his power to dispose of the property and the forms and solemnities to give the bill its due attestation and effect are to be determined by the *lex rei sitæ* : Story's Conflict of Laws, § 428, 435, 445, 448, 474, 483.

Now, from the facts stated in the bill and answer in this cause, it is very obvious that it was the duty of the executors, in the first instance, (unless they had chosen to renounce) to have gone with this will for probate before the proper officer or court in Connecticut and there asked for letters testamentary upon it as a will of personal estate. If they succeeded in getting it admitted to probate and in obtaining letters testamentary there, they should then and not till then have come to the surrogate of the city and county of New York for letters founded on the probate in Connecticut. If they had taken this course, there would have been no necessity for their asking the aid and direction of the court of chancery as the complainant now does. The surrogate or court of probates in Connecticut would have determined the question whether this is a good will of the personalty or whether the subesequent birth of a child unprovided for operates as a revocation. That question the widow has a right to have determined in Connecticut, where her husband lived and died ; and if the executor will not produce the will there for probate, so as to give her an opportunity of meeting it she can apply for letters of administration here, so as to be authorized to look after and sue for and possess herself of the personal estate within this jurisdiction.

With regard to the real estate in New York : this will probably, is a good will to pass the title according to the laws of this state ; and as such it may be proved and recorded, if that has not already been done. But the executors have no interest in the real estate and no concern with it, except as the mere donees of a naked power of sale—and that too upon condition that the widow shall concur and release her dower. There is no devise of the real estate to the executors in trust and no trust is created, except to invest the proceeds after a sale, &c. In relation to the real estate,

its income or its proceeds, there does not seem to be the least· occasion, at present, for asking the aid or direction of this court; and with regard to the personal property, as I have already shown, there is no propriety in the complainant's coming into this court.

His bill must be dismissed, with costs to be paid *de bonis propriis.*